NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 31 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30161 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-05092-RBL |
| v. | |
| MAXWELL APATA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted May 24, 2016[**]

Before: REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Maxwell Apata appeals from the district court's judgment and challenges the 60-month sentence imposed following his guilty-plea conviction for assault, in violation of 18 U.S.C. § 113(a)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Apata contends that the district court procedurally erred by failing to explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court adequately explained its reasons for imposing the above-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Apata next contends that his sentence is substantively unreasonable because the district court (1) varied upward based on factors that were already incorporated into the Guidelines range, (2) failed to account for alleged sentencing disparities, and (3) based the sentence on its personal feelings regarding domestic violence. The sentence is not an abuse of discretion in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Moreover, the court did not err by varying upward based upon its determination that the Guidelines range did not adequately account for the egregiousness of Apata's conduct. *See United States v. Christensen*, 732 F.3d 1094, 1100-01 (9th Cir. 2013).

**AFFIRMED.**

15-30161